IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW PAPA AND ELIZABETH REUSSWIG, AS CO-ADMINISTRATORS OF THE ESTATE OF JOSEPH A. PAPA, and EMMA PAPA<br><br>Plaintiffs,<br><br>-against-<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No.: 1:17-CV-898 [TJM/DJS]<br><br>**COMPLAINT** |

### PRELIMINARY STATEMENT

1. Plaintiffs, MATTHEW PAPA AND ELIZABETH REUSSWIG, AS CO-ADMINISTRATORS OF THE ESTATE OF JOSEPH A. PAPA and EMMA PAPA, brings this action, pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. § 1346(b)(1), for the acts of negligence and professional malpractice in connection with the medical care provided to Joseph A. Papa by the Defendant, UNITED STATES OF AMERICA through its Department of Veterans Affairs, at the Stratton Albany Veterans Administration Medical Center in Albany, New York.

2. The claims herein are brought against the Defendant for compensatory damages as result of the personal injuries caused by the Defendant's negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act through submitting a completed Standard Form 95 with the Defendant on May 19, 2016 for both plaintiffs herein, copies of which are attached hereto as **"Exhibit A"**.

1

4. This suit has been timely filed, in that the Plaintiff has timely served notice of his claim on both the Department of Veterans Affairs less than two years after the incident forming the basis of this action

5. Plaintiff is now commencing this action pursuant to 28 U.S.C. §2401(b) after receiving the U.S. Department of Veterans Affairs' administrative tort claim denial letters on or about March 3, 2017, attached hereto as **"Exhibit B" and "Exhibit C"**.

## PARTIES, JURISDICTION, AND VENUE

6. Joseph A. Papa ("Plaintiffs' deceased"), a resident of the County of Albany, in the State of New York, died intestate on September 8, 2015.

7. On November 2, 2015, Matthew Papa and Elizabeth M. Reusswig were appointed as co-administrators of the Estate of Joseph A. Papa by Letters of Administration dated November 2, 2015 as issued by the Surrogate's Court, State of New York, in Albany County.

8. Plaintiff EMMA PAPA is the spouse of Plaintiffs' deceased, residing in the City of Albany, County of Albany, State of New York, having been married to Joseph A. Papa on August 24, 1961, and remaining married to him through September 8, 2015, the date of death of Joseph A. Papa.

9. That at all times mentioned hereinbefore, Plaintiffs' deceased was a veteran of the armed services of the United States of America and as such was at all times mentioned hereinafter.

10. Defendant, UNITED STATES OF AMERICA's Department of Veterans Affairs (hereinafter "VA"), operates and has under its jurisdiction the Albany Stratton Veterans Administration Medical Center (hereinafter "VAMC") located at 113 Holland Ave, Albany, NY 12208.

11.     As part of its operation of the VAMC, and at all times mentioned hereinafter the Defendant provided clinical and hospital services for the evaluation, care and treatment of veterans.

12.     Defendant, UNITED STATES OF AMERICA, through the VA's directors, officers, operators, administrators, employees, agents, and staff at the VAMC are hereinafter collectively also referred to as the "VAMC".

13.     At all times relevant to this Complaint, the Defendant's VAMC held itself out to the public, and more particularly to the Plaintiffs' deceased, as a provider of high quality health care services, with the expertise necessary to maintain, evaluate, care for, and treat the health concerns and safety of patients similarly situated as was the Plaintiff, and has particularly established that it embodies the acronym: "I CARE"-- Integrity, Commitment, Advocacy, Respect, Excellence,

14.     At all times mentioned hereinafter, the Plaintiff's decedent relied upon the representations of the employees, agents and/or servants of the Defendant's VAMC that they would provide high quality health care services, with the expertise to maintain, evaluate, care for and treat the health concerns and safety of the Plaintiff's decedent.

15.     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant, and in particular its physicians, physicians assistants, and pharmacists.

16.     Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under the doctrine of *respondeat superior*.

17.     This is a claim for damages in excess of $75,000.00, exclusive of interest and costs.

18.     Jurisdiction is conferred upon this Court under 28 U.S.C. §1346(b).

19.     Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the laid in the Northern District of New York.

## FACTUAL ALLEGATIONS

20.     Commencing in or about early 2015, the Plaintiffs' deceased began to feel symptoms of feeling fatigue and not well and attempted to schedule appointments with his group of healthcare providers otherwise known as the "Silver Team", but was not able to schedule an appointment with them.

21.     On or about March 24, 2015, the Plaintiffs' deceased was hospitalized for fatigue, shortness of breath and chest pain.

22.     At the time of his admission to the VMAC on that date, the Plaintiffs' deceased was examined for a gastrointestinal bleed, and the healthcare professional wrongly advised the family that the Plaintiff's deceased had severe cancer and ulcers prior to performing a colonoscopy; Joseph A. Papa was discharged on March 26, 2015.

23.     Following that admission, Plaintiffs' deceased returned to the VAMC for additional follow-up.

24.     Commencing on April 17, 2015, Plaintiffs' deceased was again hospitalized at the VAMC with wheezing and shortness of breath and underwent a colonoscopy at which time there were no findings there were remarkable to otherwise explain a diagnosis of iron deficiency anemia, or gastrointestinal bleed.

25.     During that hospitalization the Plaintiffs' deceased was diagnosed with pneumonia after the endoscopy and subsequently with an indication of sepsis secondary to

4

"community acquired pneumonia". He was discharged from that hospitalization on April 26, 2015.

26. On or about June 12, 2015, Plaintiffs' deceased went to the emergency room at VAMC and was admitted to the ICU, with a diagnosis of myocardial infarction.

27. During that hospitalization, the Plaintiffs' deceased underwent a catheterization procedure, resulting in the placement of no stents and a decision that he would undergo treatment with medical therapy.

28. Further, during that hospitalization, there is an indication showing that Plaintiffs' deceased received a blood transfusion.

29. During that hospitalization, Plaintiffs' deceased continue to show anemia, all without a determined ideology.

30. On or about July 22, 2015, Plaintiffs' deceased entered into the services of the VAMC through its emergency room; at the time, he had complaints of difficulty breathing.

31. In the hospitalization of July 22, 2015, Plaintiffs' deceased was transferred to ICU following intubation.

32. On July 23, 2015, the Plaintiffs' deceased's tongue was blackened and appeared to have suffered injuries; at the time a nurse, Brian Grogan, upon information and belief, indicated there had been an incorrect mouthpiece on the ventilator and that the patient had bitten down on his tongue during the time of major distress.

33. Continuing in that hospitalization, the defendant failed to treat the tongue, and it remained in a condition in which a hole developed and resulted in a split of the tongue which remained thereon throughout the remainder of his stay at the VAMC up to his date of death.

34. During his hospitalization of July 23, 2015, and similar to his hospitalization in March 2015, the physicians assigned to work with the Plaintiffs' deceased continued to seek a DNR, which was refused, initially by the Plaintiffs' deceased himself, and thereafter by the Plaintiffs' deceased's healthcare representative.

35. That continuing through the admission and at least through August 6, 2015, the Plaintiffs' deceased continued to be under a diagnosis of gastrointestinal bleed, although there had been no tests confirming the same.

36. That the Plaintiff's deceased was not administered anticoagulants.

37. That during the course of the hospitalization, it was determined that the Plaintiffs' deceased had developed pulmonary emboli.

38. Despite the discovery of pulmonary emboli, no anticoagulant was administered to Plaintiffs' deceased until August 8, 2015, but the same was not to effectively treat the pulmonary emboli.

39. During the period of time up to and including August 8, 2015, Plaintiffs' deceased remained intubated.

40. Additionally, at no time did the Plaintiffs or Plaintiffs' healthcare representative agree to a DNR or other healthcare directives which would have directed withholding of medications and/or treatment.

41. Despite the fact that there were no directives, the record contained a note indicating that such directives were in place.

42. On or about August 12, 2015, Dr. Kristofer Neu ordered treatment of the Plaintiff's decedent with Precedex, resulting in dangerous fluctuations in vitals, most notably his blood pressure; it was necessary to have the healthcare representative request cessation of the

6

administration of Precedex before it was stopped on August 13, 2015, and the Plaintiff's decedent improved immediately.

43. On or about August 16, 2015, the treating physician, Dr. Scherzer, advocated discontinuance of all medications and indicated the Plaintiffs' deceased was in liver failure.

44. On August 16, 2015, Dr. Scherzer advised the family, including the plaintiff Emma Papa that Plaintiffs' deceased was in acute liver and heart failure and was dying.

45. During a conversation with Dr. Scherzer, he admitted making mistakes with her husband's care and advocated no further life saving measures.

46. On August 20, 2015, Plaintiffs' deceased was noted to have pulmonary edema, likely as a result of fluid overload and was administered Lasix. He improved shortly thereafter.

47. On August 21, 2015, Plaintiffs' deceased was given a transfusion.

48. On August 21, 2015, despite expressed concerns of gallbladder issues from August 6, 2015 onward, upon information and belief, Plaintiffs' deceased underwent a gall bladder procedure purportedly due to an obstruction, without proper and full documentation of the surgery and its results, although it was relayed that there was one gallstone and no obstruction.

49. In the interim, the Plaintiff's deceased also developed pitting edema which also began to "weep".

50. On August 31, 2015, Plaintiffs' deceased was successfully extubated, and the VAMC's representative, Dr. Phelps, ordered a dose of morphine which appear to be a lethal dose, which was refused by the family in accordance with the Plaintiffs' deceased's wishes.

51. During that period of time when Plaintiffs' deceased was discharged from the ICU to the time he continued on the general hospital floor, the Plaintiffs' deceased was not promptly

7

and appropriately administered thrombolytic medications, until 24 hours prior to his death on September 8, 2015.

52. Joseph Papa died on September 8, 2015 at 4.15am.

## CAUSES OF ACTION

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTIFFS MATTHEW PAPA AND ELIZABETH REUSSWIG, AS CO-ADMINISTRATORS OF THE ESTATE OF JOSEPH A. PAPA ALLEGE AS HEREINAFTER FOLLOWS:**

53. Matthew Papa and Elizabeth Reusswig, co-administrators of the Estate of Joseph A. Papa, repeat and reallege each and every allegation hereinabove at Paragraphs "1" through "51" as if fully set forth hereinafter.

54. That Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with their expertise that the Defendant presented to the community at large.

55. Upon information and belief, Defendant had breached its duty of care to the Plaintiffs' deceased in the following instances:

    a. Improperly diagnosing the Plaintiffs' deceased with a gastrointestinal bleed;

    b. Failing to conduct additional tests to determine the source of the bleed;

    c. Withholding thrombolytic treatment in light of developed pulmonary emboli;

    d. Continuing to treat the Plaintiffs' deceased as a patient with an order not to resuscitate despite the absence of such an order;

    e.    Failing to adequately diagnose the alleged pulmonary pneumonia and administering Rocefin;

    f.    Maintaining prolonged intubation of the plaintiff beyond the standards of care and thereby causing permanent and significant injury to the tongue of Plaintiffs' deceased;

    g.    Improperly intubating Plaintiffs' deceased thereby causing permanent and painful injury to the tongue;

    h.    Contributing to deep vein thrombosis by failure to appropriately apply compression stockings and/or other prophylactic measures in a timely and/or consistent fashion to prevent pulmonary emboli;

    i.    Improperly diagnosing the Plaintiffs' decedent with a gastrointestinal bleed despite negative testing and results of procedures;

    j.    Failing to diagnose and treat within standards of care the Plainiff's decreased red blood cell counts;

    k.    Insisting upon a DNR and placing one in the record despite objection of the health care proxy for the decedent, and then failing to take necessary and appropriate life-saving actions to preserve the life of the decedent Joseph A. Papa; and/or

    l.    Being otherwise negligent in the premises.

56.    At all times relevant to this Complaint, the Defendant maintained a duty to employ competent healthcare providers, administrators, employees, agents and staff in order to meet its standards of quality of care for its patients, including the Plaintiffs' deceased.

57. That Defendant knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for the Plaintiff that met the applicable legal requirements; that demonstrated the standards and degrees of skill and care required of competent health care providers; and was consistent with the general standards of care and expertise that the Defendant presented to the community at large.

58. That the Defendant further breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and/or staff.

59. That the Defendant further breached its duty in negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and/or staff, and further in assigning them to the care and treatment of the Plaintiffs' decedent, Joseph A. Papa.

60. As a direct and proximate result of Defendant's negligence, the Plaintiffs' decedent sustained a serious and permanent personal injuries in and about his body, incurred medical expenses, and other damages, and further was forced to endure pain, suffering, and loss of enjoyment of life, including and until his death on September 8, 2015.

61. Upon further information and belief, the acts and omissions hastened the death of Joseph A. Papa.

62. That upon information and belief, the acts and/or omissions set forth above would constitute a claim under the laws of the State of New York.

63. Further, at all times relevant to this case and upon information and belief, the healthcare professionals, administrators, employees, agents and staff were employed by and/or acting on behalf of the Defendant.

64. At all relevant times to this Complaint, the employees, agents and/or staff were acting within their respective capacities and scopes of employment on behalf of the Defendant.

65. Upon information and belief maintains liability pursuant to 28 USC §1346(b)(1).

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTIFFS STATE AS HEREINAFTER FOLLOWS:**

66. Plaintiff Emma Papa, repeats and realleges each and every allegation hereinabove at Paragraphs "1" through "65" as if more fully set forth hereinafter.

67. That the plaintiffs' decedent Joseph A. Papa, and Emma Papa, were husband and wife and remained so at the time of his death on September 8, 2015.

68. As a result of the negligence hereof, plaintiff Emma Papa, has experienced a loss of the society, comfort, companionship and services of her spouse, the Plaintiffs' deceased, Joseph A. Papa.

69. That as a result of the negligence of the Defendant, as more fully set forth hereinabove, plaintiff Emma Papa has been damaged in a sum for which she should be compensated for such losses.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTIFFS STATE AS HEREINAFTER FOLLOWS:**

70. The Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" though "69" as if more fully set forth hereinafter.

71. At the time of his death, the Plaintiffs' decedent possessed a cause of action for personal injury which resulted in his death.

72. At the time of his death, the Plaintiff's decedent was responsible for the support of the Plaintiff Emma Papa.

73. Upon information and belief, the death of the decedent was caused by the wrongful and negligent acts and/or omissions referred to hereinabove, of the Defendant's employees, agents and/or servant.

74. Upon information and belief, the Defendant would have been responsible to the decedent for said acts should he have lived.

75. In addition to the loss of the support and financial contributions by the Plaintiff's decedent, the Plaintiffs MATTHEW PAPA and ELIZABETH REUSSWIG, as co-administrators of the Estate of Joseph A. Papa, were caused to expend sums of money from the estate for the decedent's funeral and burial.

76. That the Plaintiffs have been damaged in a sum of the funeral and attendant burial costs of $1,465.49, together with the loss to the Plaintiff Emma Papa of the additional support of the decedent in the amount of at least Ten Thousand and no/100 ($10,440.00) per year due to the abbreviated life of the Plaintiffs' decedent and representing the difference in Social Security payments received.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, Matthew Papa and Elizabeth Reusswig, as co-administrators of the Estate of Joseph A. Papa, and Plaintiff Emma Papa herein respectfully requests that this Court grant the following relief:

a. Judgment in favor of the Plaintiffs Matthew Papa and Elizabeth Reusswig, as co-administrators of the Estate of Joseph A. Papa, and against the Defendant United States of America in the first cause of action;

b.  Award the Plaintiffs Matthew Papa and Elizabeth Reusswig, as co-administrators of the Estate of Joseph A. Papa, in the First Cause of Action, the sum of $2,000,000, along with judgment interest as allowed by law; and

c.  Grant judgment in favor of the Plaintiff Emma Papa, and against the Defendant United States of America in the second cause of action;

d.  Award Plaintiff Emma Papa damages in the Second Cause of Action in the amount of $500,000, along with pre-imposed judgment interest as allowed by law;

e.  Grant judgment in favor of the Plaintiffs Matthew Papa and Elizabeth Reusswig, as co-administrators of the Estate of Joseph A. Papa, and Emma Papa, and against the Defendant United States of America in the third cause of action;

f.  Award Plaintiffs Matthew Papa and Elizabeth Reusswig, as co-administrators of the Estate of Joseph A. Papa, in the Third Cause of Action, damages up to the amount of $1,000,000, along with pre-imposed judgment interest as allowed by law; and

g.  Award the Plaintiffs each costs and attorneys' fees incurred in this civil action, together with such other and additional relief at law or in equity as to this Court may seem just and proper.

Dated:   August 16, 2017
         Albany, New York .

Respectfully Submitted,

HERZOG LAW FIRM P.C.

By: *Daniel Persing*
Daniel J. Persing (Bar Roll No. 506307)
Attorneys for Plaintiffs
7 Southwoods Boulevard
Albany, New York 12211
Tel: (518) 465-7581
Fax: (518) 462-2743
Email: dpersing@herzoglaw.com

13

# CERTIFICATE OF MERIT

STATE OF NEW YORK            }
                             } ss:
COUNTY OF ALBANY             }

I, DANIEL J. PERSING, attorney for the Plaintiffs, MATTHEW PAPA and ELIZABETH REUSSWIG, as co-Administrators of the Estate of Joseph A. Papa, and Emma Papa, do hereby certify that I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in the State of New York, and who is reasonably knowledgeable in the relevant issues involved in this particular action and that I have concluded on the basis of that review and consultation therewith that there is a reasonable basis for the commencement of this action.

Dated: August 16, 2017

*Daniel Persing*
Daniel J. Persing
Bar Roll 506307